STOKER, Judge.
This is a suit on an insurance policy for property loss resulting from a burglary. The issue is whether coins (silver dimes), being currency, are subject to a policy limitation relative to currency, or whether the limitation is inapplicable because the plaintiff used the silver in the coins in his dental work after melting them down.
Hartford Casualty Insurance Company (Hartford) appeals from a judgment against it and in favor of the plaintiffs, Dr. and Mrs. Hayes 0. Huffman, in the amount of $14,279. For reasons set out below, we amend the judgment and affirm as amended.
FACTS
Dr. Huffman is a dentist who has his office at 2000 Military Highway, Pineville, Louisiana. His daughter operated a jewelry and gift shop at the same address. The two businesses were located in the same building but had separate outside entrances. They were connected inside by a sliding glass door and a hollow core interior door at the rear.
On April 20, 1980, the building was burglarized and a safe in the jewelry store portion was emptied. Several items used by Dr. Huffman in his dental work were taken from the safe along with some jewelry. The property of Dr. Huffman taken included a bag of pre-1964 silver dimes which had a face value of $1,000 and for which Dr. Huffman paid $14,000.
On appeal, Hartford claims that the trial court erred in (1) “concluding that the silver dimes were not currency or money” and (2) “concluding that the dimes were in the premises at the time they were stolen.”
STATUS OF THE DIMES
The policy in question contains various coverages embodied in different insurance contract forms and endorsements. The coverage claimed in plaintiff’s action is contained in Form MP-111 (Ed. 7-77) entitled SMP PHYSICIANS’ AND SURGEONS’ EQUIPMENT FLOATER FORM. The provisions of the form relate to Section I, property coverage and insure against “all risks.”
Dr. Huffman claims the full purchase price of the dimes under the policy provision contained in Form MP-111 which reads:
“This form covers the following described property of the insured and at the option of the insured, property so described herein but belonging to others and used by the insured in his profession shall be included as covered hereby;
“A. Medical, surgical and dental equipment and instruments (including tools, materials, supplies and scientific books) used by the insured in the medical or dental profession.”
* 4: * * * *
The policy form in question provides in its opening provisions that it relates only to personal property and only with respect to the personal property to which it applies. The opening provisions provide that the location of the property is at “2000 Military Hwy. E/S, Pineville, LA” and the limit of liability is $24,000. Following the opening provisions, the provisions of Form MP-111 are divided into five sections headed as follows:
I.INSURING AGREEMENT
II.PROPERTY COVERED
III. PROPERTY NOT COVERED
IV. EXTENSIONS OF COVERAGE
V. EXCLUSIONS
The provision quoted above under which plaintiff claims for the purchase price of the dimes appears under the section designated as “II. PROPERTY COVERED”. Dr. Huffman asserts that the dimes were “dental equipment” or “materials” as provided in subparagraph A of provision II relating to property covered.
The testimony of another dentist, Dr. Headrick, and of a dental laboratory technician, Phillip Ellsworth, was offered by Dr. Huffman to show that silver, gold, and copper coins are frequently purchased by dentists to be melted down to make castings used in dental work. Phillip Ellsworth tes *1298 tified that purchasing the metals in this manner was more economical than buying them already alloyed from dental supply houses or from manufacturers of dental gold. Dr. Huffman also introduced into evidence an advertisement from “Dental Economics”, September, 1982 issue, promoting South African and Canadian gold coins for sale as dental casting alloy.
Hartford argues that because the dimes are still a medium of exchange and have not been withdrawn from circulation by the government, they must be considered currency and be subject to a $250 limitation of liability under a policy provision applicable to currency.
Admittedly the coins were a medium of exchange and constituted currency. However, the provision relied upon by defendant is not what defendant claims it is. The provision is contained in subparagraph D under the portion of Form MP-111 designated as IV which specifies extensions of coverage. Subparagraph D provides:
“D. Currency, Money and Stamps: This form covers for an amount not exceeding $250 in any one occurrence, loss of currency, money and stamps in the premises, and as respects currency and money while being conveyed outside the premises of the insured to bank of deposit and stamps from place of purchase to the insured’s premises while being conveyed either by the insured or an employee of the insured but; the Company shall not be liable for loss caused by or resulting from misappropriation, secretion, conversion, infidelity or any dishonest act on the part of the insured or other party of interest, his or their employees or agents or any person or persons to whom the property may be entrusted.”
This provision is a provision intended to extend coverage and is not a provision of general limitation. It does provide a limitation within itself in that it provides coverage in any one occurrence only up to $250 of the loss. Being a provision of extension the currency provision does not act as a limitation on dental equipment which may be in the form of silver dimes.
We note, as did the trial judge, that there is no Louisiana authority on point in this matter. Cases from other jurisdictions cited by counsel on appeal also do not directly address this particular problem.
The dimes in this case were susceptible of a dual use, as a medium of exchange or as dental materials. Dr. Huffman proved to our satisfaction that the dimes were intended for use in his dental practice and thus qualify under his insurance policy as dental supplies or materials.
LOCATION OF THE DIMES
Defendant contends that in any event the dimes were not located “within the premises” when stolen and location “within the premises” was a requirement of the policy. Such a requirement is set forth in subparagraph B of the provision numbered II relating to property covered. Sub-paragraph A relied upon by plaintiffs is quoted above. It contains no requirement that the items insured under subparagraph A be “within the premises.” It is probable that the dimes were located “within the premises” as that term is defined in Form MP-111, but we do not consider it inasmuch as we do not deem the “within the premises” provision to be applicable to dental supplies and materials which we hold the dimes to have been.
AMOUNT OF JUDGMENT
• Based on Dr. Huffman’s purchase price paid one month before the burglary, one dime would be worth $1.40 ($14,000 -*■ 10,000 = $1.40). The trial court assumed such figures in its oral reasons for judgment, and the total deduction or credit in favor of the defendant-insurer was fixed at $350. This total would represent the value of two-hundred-fifty dimes ($350 -⅞- $1.40 = 250). This accords with the statement of Dr. Huffman that he had used only a few dimes before the burglary. Neither of the parties has objected in this appeal to the $350 credit allowed by the trial court. Therefore, this point is not at issue. The issue on this *1299 appeal is whether or not Dr. Huffman should have prevailed at all in the trial court to recover more than the $250 limitation applicable to currency.
Defendant Hartford paid Dr. Huffman the sum of $5,602 on his claim when plaintiff filed a proof of loss. In his petition Dr. Huffman alleges that his total loss in dental supplies and equipment (which included the coins not already used) amounted to $20,-231.90. The demand asserted was for $14,-629.90. The judgment award was for $14,-279. Manifestly, plaintiff arrived at his demand amount by deducting the sum of $5,602 already paid by Hartford. The trial judge deducted the additional sum of $350 for coins used before the burglary. Thus plaintiff's demand was calculated as follows:
Claimed total loss-$20,231.90
Less amount paid by Hartford- 5,602.00 14,629.90
Less value of coins used- 350.00 $14,279.90
We note one apparent omission in the figures shown above. In tendering $5,602 to plaintiff, Hartford took into consideration that their policy of insurance contained a $1,000 deductible amount. The plaintiff’s demand and the trial court’s judgment reflected a credit of only $5,602, which does not reflect the deductible amount. Under the circumstances, the defendant is entitled to an additional credit of $1,000.
CONCLUSION
For the foregoing reasons, we amend the judgment of the trial court by reducing the amount to $13,279.90, together with interest and costs as provided by the trial court. As thus amended, the judgment is affirmed. The costs of this appeal are assessed to defendant-appellant.
AMENDED AND AFFIRMED AS AMENDED.